**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JANE DOE | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:26-CV-01210-ALM-AGD |
| | § | |
| BETTYE CHRONISTER, et al. | § | |

**ORDER**

On September 4, 2026, *pro se* Plaintiff Jane Doe ("Plaintiff") filed an Original Complaint (Dkt. #1). The court notes that the docket sheet does not indicate that Plaintiff paid the filing fee or moved to proceed *in forma pauperis*.

Additionally, in reviewing Plaintiff's Original Complaint, it does not appear that Plaintiff has properly established this court's jurisdiction. Plaintiff's Original Complaint invokes, *inter alia*, 42 U.S.C. § 1983 (Dkt. #1 at p. 1). "To state a cause of action under section 1983 [the plaintiff] must allege that the person who deprived [her] of a federal right was acting under color of law. *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) (citing *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir.1994)). "For a private citizen . . . to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors." *Id.* (citing *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir.1989)).

Here, it does not appear that Plaintiff has sued any state actors. Rather, Plaintiff provides the statement that "Defendants acted under color of state law, or willfully conspired with state actors . . . ." (Dkt. #1 at p. 4). Such conclusory allegation is insufficient to establish jurisdiction under § 1983. As such, the court finds that Plaintiff must amend her Original Complaint to properly establish jurisdiction under § 1983 based on the instant Defendants, who do not appear to be state actors.

Further, § 1983 "does not prescribe a statute of limitations. Instead, '[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state.'" *Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016) (citing *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir.2001)). "Texas has a two year statute of limitations for personal injury claims." *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a); *Piotrowski*, 237 F.3d at 576). The Fifth Circuit has found that "the limitations period begins to run when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *Id.* (citing *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir.1989)).

Here, Plaintiff alleges the wrongdoing began as early as "on or about May 2023" and as late as "on or about July 12, 2024." As such, it appears Plaintiff's § 1983 claim is barred by the statute of limitations. Accordingly, the court finds that Plaintiff must also amend her Original Complaint to explain how her § 1983 claim is not barred by the two-year statute of limitations.

It is therefore **ORDERED** that, ***within thirty (30) days of the entry of this Order***, Plaintiff must pay the necessary filing fee or file a Motion to Proceed *in Forma Pauperis*. The Clerk is directed to send Plaintiff the form to move to proceed *in forma pauperis* along with this order. It is further **ORDERED** that Plaintiff must file an Amended Complaint ***within thirty (30) days of the entry of this Order*** that addresses the deficiencies noted herein. Should Plaintiff fail to comply with this Order, the court may recommend dismissal for failure to prosecute or otherwise comply with court orders.

**IT IS SO ORDERED.**
**SIGNED this 22nd day of September, 2026.**

Aileen Goldman Durrett

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE